# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

DAVID HOWELL, )
)
          Plaintiff, )
)   3:11-cv-00114-RCJ-RAM
vs. )
)
ROBERT B. BANNISTER et al., )   **ORDER**
)
          Defendants. )
)

      This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983. The Court now reviews the Complaint pursuant to 28 U.S.C. § 1915A and dismisses it, with leave to amend the Eighth Amendment claim.

**I.    FACTS AND PROCEDURAL HISTORY**

      Plaintiff David Howell is a prisoner at the Nevada State Prison ("NSP"), a facility of the Nevada Department of Corrections ("NDOC") in Carson City, Nevada. (*See* Compl., Oct. 20, 2010, ECF No. 1-1, at 11). Plaintiff alleges that since 2005 he has suffered from "foreign and massive lumps" on his scalp that cause excruciating pain. He alleges Dr. Robert Bannister diagnosed him with sebaceous cysts and prescribed doxycycline. Drs. Bannister, Del Mar Snider, and David Mar continued to prescribe doxycycline from 2005–2008, though the antibiotic did not alleviate the pain, and the cysts or lumps continued to leak puss and blood. In November 2008, Dr. Karen Gedney examined Plaintiff and told him that doxycycline was never intended to treat his condition. Plaintiff alleges he suffered and continues to suffer side effects from the medication, including muscle spasms, fatigue, nausea, vomiting, diarrhea, headaches,

high blood pressure and blurred vision. Dr. Gedney discontinued the doxycycline and ordered blood pressure medication and monitoring due to Plaintiff's blood pressure of 144/104. Plaintiff did not receive the blood pressure medication for thirty days. Plaintiff alleges Dr. Gedney has failed to diagnose and treat his scalp condition, and that he continues to suffer excruciating pain. Plaintiff seeks damages and injunctive relief directing Defendants to diagnose and treat his ailment.

Plaintiff also alleges that on January 23, 2009, Director of Nurses Kathy King retaliated against him for having filed a grievance against NSP medical staff by refusing to allow Plaintiff to review his medical records for the purpose of filing this civil action. Plaintiff alleges that King told him he would have to choose between having his blood pressure monitored and reviewing his medical file on that day.

Plaintiff sued Defendants in state court, bringing two claims pursuant to 42 U.S.C. § 1983: (1) Eighth Amendment deliberate indifference; and (2) First Amendment retaliation. Defendants removed.

## II.   LEGAL STANDARDS

### A.   Screening

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1)–(2). Pro se pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege: (1) that a right secured by the Constitution or laws of the United States was violated; and (2) that the alleged violation was committed by a person acting under color of state

1 law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

2       In addition to the screening requirements under § 1915A, pursuant to the Prison
3 Litigation Reform Act of 1995 ("PLRA"), a federal court must dismiss a prisoner's claim, "if the
4 allegation of poverty is untrue," or if the action "is frivolous or malicious, fails to state a claim
5 on which relief may be granted, or seeks monetary relief against a defendant who is immune
6 from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim
7 upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and
8 the court applies the same standard under § 1915. When a court dismisses a complaint under
9 § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing
10 its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be
11 cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

12       Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action
13 that fails to state a claim upon which relief can be granted. A motion to dismiss under Rule
14 12(b)(6) tests the complaint's sufficiency. *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578,
15 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for failure to
16 state a claim, dismissal is appropriate only when the complaint does not give the defendant fair
17 notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v.*
18 *Twombly*, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a
19 claim, the court will take all material allegations as true and construe them in the light most
20 favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). The
21 court, however, is not required to accept as true allegations that are merely conclusory,
22 unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State*
23 *Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). A formulaic recitation of a cause of action with
24 conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is
25 plausible, not just possible. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citations omitted).

1  "Generally, a district court may not consider any material beyond the pleadings in ruling on a
2  Rule 12(b)(6) motion.  However, material which is properly submitted as part of the complaint
3  may be considered." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19
4  (9th Cir. 1990) (citation omitted).  Similarly, "documents whose contents are alleged in a
5  complaint and whose authenticity no party questions, but which are not physically attached to
6  the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without
7  converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14
8  F.3d 449, 454 (9th Cir. 1994).  Moreover, under Federal Rule of Evidence 201, a court may take
9  judicial notice of "matters of public record." *Mack v. S. Bay Beer Distribs., Inc.*, 798 F.2d 1279,
10 1282 (9th Cir. 1986).
11       Finally, all or part of a complaint filed by a prisoner may be dismissed sua sponte if the
12 prisoner's claims lack an arguable basis in law or in fact.  This includes claims based on legal
13 conclusions that are untenable, e.g., claims against defendants who are immune from suit or
14 claims of infringement of a legal interest which clearly does not exist, as well as claims based on
15 fanciful factual allegations, e.g., fantastic or delusional scenarios. *See Neitzke v. Williams*, 490
16 U.S. 319, 327–28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).
17       **B.    Exhaustion**
18       "The Prison Litigation Reform Act requires that a prisoner exhaust available
19 administrative remedies before bringing a federal action concerning prison conditions." *Griffin v.*
20 *Arpaio*, 557 F.3d 1117, 1119 (9th Cir. 2009) (citing 42 U.S.C. § 1997e(a)).  A prison system's
21 own requirements "define the boundaries of proper exhaustion." *Jones v. Bock*, 549 U.S. 199,
22 218 (2007). NDOC utilizes a three-stage grievance procedure: an informal grievance, a first
23 level grievance, and a second level grievance. *See* NDOC Admin. Reg. 740 (Inmate Grievance
24 Procedure), *available at* http://www.doc.nv.gov/ar/pdf/AR740.pdf.
25       Although once within the discretion of the district court, the exhaustion of administrative

1 remedies is now mandatory. *Booth v. C.O. Churner*, 532 U.S. 731 (2001). Those remedies "need
2 not meet federal standards, nor must they be 'plain, speedy, and effective.'" *Porter v. Nussle*,
3 534 U.S. 516, 524 (2002) (citing *Booth*, 532 U.S. at 739–40 n.5). Even when the prisoner seeks
4 remedies not available in the administrative proceedings, notably money damages, exhaustion is
5 still required prior to filing suit. *Booth*, 532 U.S. at 741. The Supreme Court has strictly
6 construed section 1997e(a). *Id.* at 741 n.6 ("We will not read futility or other exceptions into
7 statutory exhaustion requirements where Congress has provided otherwise.").

8 The failure to exhaust administrative remedies as required by § 1997e(a) is an affirmative
9 defense, and a defendant bears the burden of raising and proving that the plaintiff has not
10 exhausted. *Jones v. Bock*, 549 U.S. 199, 216 (2007); *Wyatt v. Terhune*, 315 F.3d 1108, 1117 n.9
11 (9th Cir. 2003), *cert denied*, 540 U.S. 810 (2003). However, if the affirmative defense of non-
12 exhaustion appears on the face of the complaint, a defendant need not provide evidence showing
13 non-exhaustion. *See Jones*, 549 U.S. at 215. Failure to exhaust is treated as a matter in
14 abatement, not going to the merits of the claim, and is properly raised in an unenumerated Rule
15 12(b) motion. *Wyatt*, 3154 F.3d at 1119. The court may look beyond the pleadings and decide
16 disputed issues of fact without converting the motion into one for summary judgment. *Id.* "[I]f
17 the district court concludes that the prisoner has not exhausted nonjudicial remedies, the proper
18 remedy is dismissal of the claim without prejudice." *Id.* at 1119–20.

19 For the purposes of screening, the Court will assume all claims have been exhausted.
20 The Court will not more closely examine the issue unless some claims survive screening and
21 Defendants file motions alleging non-exhaustion of the surviving claims.

22 **III.  ANALYSIS**

23     **A.  Eighth Amendment**

24 To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison
25 conditions must involve "the wanton and unnecessary infliction of pain." *Rhodes v. Chapman*,

1  452 U.S. 337, 347 (1981). Although prison conditions may be restrictive and harsh, prison
2  officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and
3  personal safety. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). Prison officials may be held
4  liable only if they act with "deliberate indifference to a substantial risk of serious harm." *Frost v.*
5  *Agnos*, 152 F.3d 1124, (9th Cir. 1998) (citing *id.* at 835). Courts apply a conjunctive, two-
6  pronged test to determine "deliberate indifference." First, the alleged deprivation must be
7  objectively "sufficiently serious." *Farmer*, 511 U.S. at 834 (citing *Wilson v. Seiter*, 501 U.S.
8  294, 298 (1991)). Second, the prison official must "know of and disregard an excessive risk to
9  inmate health or safety." *Id*. at 837. Thus, "a prison official may be held liable under the Eighth
10 Amendment for denying humane conditions of confinement only if he knows that inmates face a
11 substantial risk of harm and disregards that risk by failing to take reasonable measures to abate
12 it." *Id.* at 835.
13     "Deliberate indifference is a high legal standard. A showing of medical malpractice or
14 negligence is insufficient to establish a constitutional deprivation under the Eighth Amendment."
15 *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004). In other words, even where there is
16 medical malpractice, so long as a prison medical official makes an honest attempt to treat a
17 prisoner, there is no Eighth Amendment violation no matter how negligently or incompetently
18 the official acts.
19     Here, although Plaintiff alleges deliberate indifference, he repeatedly accuses Defendants
20 of medical malpractice and negligence in the Complaint, and this is the gravamen of his claim.
21 He does not allege that Defendants made no attempt to treat his scalp. He alleges that they
22 improperly diagnosed his condition and gave him a contraindicated antibiotic prescription. He
23 also alleges that Defendants have failed to cure his condition. But Plaintiff has no Eighth
24 Amendment right to a successful result of treatment. He has an Eighth Amendment right to an
25 honest attempt to treat a sufficiently serious condition. He does not allege facts that indicate

1 Defendants have deliberately disregarded his scalp condition. He alleges facts that indicate that
2 Defendants negligently treated his condition and that the condition persists. Plaintiff does not
3 allege that Defendants refuse to give him any treatment at all. He appears ultimately aggrieved
4 with the stubbornly persistent condition itself. Presumably, Plaintiff receives painkillers. If the
5 condition is chronic it may not be curable, and painkillers may be the only viable treatment
6 option. If Defendants refuse to give Plaintiff so much as painkillers for his condition, an Eighth
7 Amendment claim may lie, but Plaintiff does not allege this. The Court dismisses this claim,
8 with leave to amend.[1]

### B. First Amendment

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a § 1983 claim. *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir. 1985); *see also Valandingham v. Bojorquez*, 866 F.2d 1135 (9th Cir. 1989). To establish a prima facie case, a plaintiff must allege and show that the defendant retaliated for his exercise of a protected activity, and that the defendant's actions did not serve a legitimate penological purpose. *See Barnett v. Centoni,* 31 F.3d 813, 816 (9th Cir. 1994); *Pratt v. Rowland*, 65 F.3d 802, 807 (9th Cir. 1995). The plaintiff must submit evidence, either direct or circumstantial, to establish a link between the exercise of constitutional rights and the allegedly retaliatory action. *Pratt*, 65 F.3d at 806. Timing of the events surrounding the alleged retaliation may constitute circumstantial evidence of retaliatory intent. *See Soranno's Gasco, Inc. v. Morgan*, 874 F.2d 1310, 1316 (9th Cir. 1989).

Plaintiff alleges that in retaliation for his having filed a grievance against NSP medical staff, King refused to allow him to "review . . . his medical file for the purpose of this civil

---

[1] The Court also notes that to the extent any violations occurred over two years before Plaintiff filed the present action on October 20, 2010, the claim is barred. *Perez v. Seevers*, 869 F.2d 425, 426 (9th Cir. 1989) (holding that Nevada's two-year residual statute of limitations governing personal injury actions applies to § 1983 claims).

1 action." Plaintiff does not allege he has been absolutely denied access to his medical records, 2 but only that King on one occasion denied him access. Specifically, Plaintiff alleges that on 3 January 23, 2009 he had been scheduled for a blood pressure monitoring session at the same time 4 that he had also been scheduled to review his medical records. It is not clear whether the same 5 person scheduled both events or whether the conflict arose because different persons had 6 separately scheduled the events. In any case, Plaintiff alleges that King forced him to choose 7 between the blood pressure monitoring and reviewing his medical records, but that she would 8 not allow him to do both at once, i.e., review his records while his blood pressure was taken. 9 Although the courts of appeal have not decided the issue, the district courts to rule on the issue 10 appear to be in agreement that there is no right to access to one's prison medical records for the 11 purpose of filing a civil action, and that there is no right to unlimited access to one's prison 12 medical records at all times generally. *See Dunn v. Corr. Corp. of Am.*, No. CV 309-087, 2010 13 WL 2817264, at *3 (S.D. Ga. June 15, 2010) (collecting cases); *Wyles v. Clark*, No. 08-cv- 14 00701-BNB, 2008 WL 2354949, at *2 (D. Colo. June 6, 2008). Also, Plaintiff alleges no facts 15 indicating a retaliatory motive. He simply concludes it. And even if retaliation were assumed, 16 there is a legitimate penological interest in ensuring an inmate having his blood-pressure taken is 17 not distracted by reading his medical records, in order to ensure a proper reading. There is also a 18 legitimate penological interest in not extending Plaintiff's visit to the infirmary to accommodate 19 both purposes once the conflict was discovered, because of staffing and scheduling limitations. 20 The Court dismisses this claim with prejudice.[2]

21 ///

22 ///

23 ///

---

[2] If a deliberate indifference claim or some other claim to which the records were relevant survived, access to the records may be required as a matter of the discovery rules, however.

**CONCLUSION**

IT IS HEREBY ORDERED that Plaintiff's claims are DISMISSED, with leave to amend the Eighth Amendment claim.

IT IS SO ORDERED.

Dated this 31st day of March, 2011.

_____
ROBERT C. JONES
United States District Judge